IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 3 - 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-CV-01212 BnB
(The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.)

ROBERT LEE HILLS, JR.,

    Applicant,

v.

RON WILEY, Warden,

    Respondent.

## ORDER DIRECTING CLERK TO COMMENCE CIVIL ACTION, CONSTRUING HABEAS ACTION AS *BIVENS* ACTION, AND DIRECTING APPLICANT TO CURE

Applicant, Robert Lee Hills, Jr., is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. Mr. Hills filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a Prisoner's Motion and Affidavit for leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. As part of the Court's review pursuant to D.C.COLO.LCivR 8.2, the Court has determined that the action is deficient as described in this order. Notwithstanding the deficiencies, the clerk of the Court will be directed to commence a civil action. Any papers that Mr. Hills files in response to this order must include the civil action number on the order.

The Court has reviewed the motion and affidavit for Leave to proceed pursuant to 28 U.S.C. § 1915 and the habeas corpus application, and finds that Mr. Hills is asserting civil rights claims rather than habeas corpus claims. Mr. Hills complains that the prison staff is being deliberately indifferent to his serious medical needs. He seeks injunctive relief.

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." See *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Generally, a federal prisoner's challenge to his conditions of confinement is cognizable under **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971). *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991).

Mr. Hills will be directed to complete the proper, Court-approved form for a Prisoner Complaint and submit the completed form to the Court if he wishes to pursue his claims. Mr. Hills must allege, simply and concisely, the specific claims for relief he is asserting and against whom those claims are asserted.

Mr. Hills also will be required to submit to the Court a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a certified copy of his inmate trust fund account statement for the six months prior to the filing of the instant action, if he desires to proceed *in forma pauperis*. Otherwise he will be required to pay the $350.00 filing fee prior to proceeding in the action. Accordingly, it is

ORDERED that the clerk of the Court commence a civil action in this matter. It is

FURTHER ORDERED that the action is construed as a civil rights action filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), as opposed to a habeas corpus action filed pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that the clerk of the Court shall docket the instant filings to reflect the proper nature of the action. It is

FURTHER ORDERED that **within thirty (30) days from the date of this order** Mr. Hills shall complete and file a Prisoner Complaint with the Court. It is

FURTHER ORDERED that **within thirty (30) days from the date of this order** Mr. Hills, if he desires to proceed *in forma pauperis*, shall complete and file with the Court a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 together with a certified copy of his inmate trust fund account statement for the six months prior to the filing of the instant action so that the clerk of the Court may determine the appropriate initial partial filing fee. Alternatively, he may pay the $350.00 filing fee. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Hills two copies of the following forms: Prisoner Complaint; Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that if Mr. Hills fails to comply with this order **within thirty days from the date of this order**, the action will be dismissed without prejudice and without further notice. It is

FURTHER ORDERED that the Court will not review the merits of Mr. Hills's claims until he has complied with this order.

DATED at Denver, Colorado, this 5th day of June, 2008.

BY THE COURT:

_____
BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. **08-CV-01212**

Robert Lee Hills, Jr.
Reg. No. 09212-097
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §1915 and Prisoner Complaint forms** to the above-named individuals on  6/6/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk